IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEOBARDO HERNANDEZ HERNANDEZ,

    Petitioner,

v.                                    No. 1:26-cv-01208-KG-KK

GEORGE DEDOS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Leobardo Hernandez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8.  Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice.

### I.    *Background*

Petitioner is a citizen of Mexico who entered the United States without admission or parole at an "unknown time and unknown place."  Doc. 8 at 2.  On August 19, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner and subsequently charged him as a removable alien.  *Id.*  On April 21, 2026, an immigration judge ("IJ") entered a final removal order to Mexico.  Petitioner reserved his right to appeal the removal order, but did not do so by the May 21, 2026 deadline, making it administratively final that day.  *Id.*  He is currently detained at the Cibola County Correctional Center in New Mexico.  Doc. 1 at 2.

Petitioner filed this habeas petition and seeks immediate release, or in the alternative, a bond hearing within seven days.  Doc. 1 at 27.  The Government argues that Petitioner is detained under 8 U.S.C. § 1231 and his detention remains lawful.  Doc. 8 at 1.

1

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001).  "[H]abeas relief is available only in the district of confinement."  *Gamez Lira v. Noem*, 2025 WL 2581710, at \*2 (D.N.M.).

## III.    *Analysis*

After reviewing the record and applicable legal authority, the Court concludes that Petitioner fails to meet the standards set out in *Zadvydas* and that his petition is therefore denied without prejudice.

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period, the Supreme Court held, is presumptively reasonable.  *Id.* at 701.  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen.  *Id.* at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what

2

counts as the reasonably foreseeable future…shrink[s]." *Id.* The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the Court denies the petition without prejudice. As of the date of this order, Petitioner has been detained for less than six months since his order of removal became administratively final on May 21, 2026, which is less than the presumptively reasonable six-month period of detention that *Zadvydas* recognized. Attempting to get around this issue, Petitioner applies the *Zadvydas* timer to his original arrest. *See* Doc. 1 at 24 ("by subjecting him to prolonged detention for nearly eight months..."). Petitioner's removal order became administratively final in May and his § 1231 detention, and the *Zadvydas* timer, began on that date. Petitioner's argument therefore does not persuade the Court, and the petition is denied without prejudice to its refiling after the *Zadvydas'* presumptively reasonable six-month period expires.

## IV. Conclusion

The Petition for a Writ of Habeas Corpus, Doc. 1, is denied without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.