**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEOBARDO HERNANDEZ HERNANDEZ,

Petitioner,

v. No. 1:26-cv-01208-KG-KK

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security; et al.,

Respondents.

**ORDER TO ANSWER**

This matter is before the Court on Petitioner Leobardo Hernandez Hernandez's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). Doc. 10. In the Court's prior Memorandum and Order filed June 4, 2026, the Court denied Petitioner's Petition for a Writ of Habeas Corpus, Doc. 1. The Court concluded that Petitioner was subject to a final order of removal and that, as of the date of the Order, Petitioner had been detained for less than six months since his order of removal became administratively final. Doc. 9 at 3.

Petitioner moves the Court to reconsider its prior ruling on the grounds that Petitioner did, in fact, file an appeal to the Board of Immigration Appeals and, therefore, is not subject to a final order of removal. Doc. 10 at 3. As a result, Petitioner contends he is subject to detention under 8 U.S.C. § 1226(a) and his detention without a bond hearing violates due process. Doc. 1 at 26. "[A] motion to reconsider is appropriate where the district court has misapprehended the facts, a party's position, or the controlling law." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (citation modified). Based on Petitioner's assertion, the Court is inclined to grant the motion and order relief—namely immediate release—as Petitioner's detention under § 1226(a) without a bond hearing violates his right to due process under the Fifth Amendment to the United States Constitution. *See Santillan Quiroz v. Mullin*,

180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"); *see also Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due Process Clause); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

The Court will grant Petitioner's Motion to Expedite Ruling on Pending Motion to Alter or Amend Judgment [Doc. 10]. *See* Doc. 11. The Court orders Respondents, within three (3) days of this Order, to respond to Petitioner's Motion to Reconsider, Doc. 10, and to show cause why the Motion should not be granted. Petitioner may file a reply, if necessary, within three (3) days after the response is filed.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.